## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **VIEWPOINT IP LLC,**<br><br>    Plaintiff,<br><br>v.<br><br>**INFINERA CORPORATION,**<br><br>    Defendant. | Civil Action No.:<br><br>**TRIAL BY JURY DEMANDED** |

## COMPLAINT FOR INFRINGEMENT OF PATENT

Now comes, Plaintiff, Viewpoint IP LLC ("Plaintiff" or "Viewpoint"), by and through undersigned counsel, and respectfully alleges, states, and prays as follows:

### NATURE OF THE ACTION

1. This is an action for patent infringement under the Patent Laws of the United States, Title 35 United States Code ("U.S.C."), to prevent and enjoin Defendant Infinera Corporation (hereinafter "Defendant") from infringing and profiting, in an illegal and unauthorized manner and without authorization and/or consent from Plaintiff, from U.S. Patent No. 6,869,853 ("the '853 Patent" or the "Patent-in-Suit"), which is attached hereto as Exhibit A and incorporated herein by reference, and pursuant to 35 U.S.C. §271, and to recover damages, attorney's fees, and costs.

### THE PARTIES

2. Plaintiff is a Texas limited liability company with its principal place of business at 7548 Preston Road – Suite 141 PMB 1056, Frisco, Texas 75034.

3. Upon information and belief, Defendant is a corporation organized under the laws of Delaware, having a principal place of business at 6373 San Ignacio Avenue, San Jose, California

95119. Upon information and belief, Defendant may be served with process c/o National Registered Agents, Inc., 1209 Orange Street, Wilmington, Delaware 19801.

4. Plaintiff is further informed and believes, and on that basis alleges, that Defendant operates the Internet website located at www.infinera.com, which is in the business of providing communication services, amongst other services. Defendant derives a portion of its revenue from sales and distribution via electronic transactions conducted on and using at least, but not limited to, the Internet website located at www.infinera.com, and its incorporated and/or related systems (collectively, the "Defendant's Website"). Plaintiff is informed and believes, and on that basis alleges, that, at all times relevant hereto, Defendant has done and continues to do business in this judicial district, including, but not limited to, providing products/services to customers located in this judicial district by way of the Defendant's Website.

## JURISDICTION AND VENUE

5. This is an action for patent infringement in violation of the Patent Act of the United States, 35 U.S.C. §§1 *et seq*.

6. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1338(a).

7. This Court has personal jurisdiction over Defendant by virtue of its systematic and continuous contacts with this jurisdiction and its residence in this District, as well as because Plaintiff's injury and cause of action arose in this District, as alleged herein.

8. Defendant is subject to this Court's specific and general personal jurisdiction pursuant to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services

provided to individuals in Delaware and in this judicial District; and (iii) being incorporated in this District.

9. Venue is proper in this judicial district pursuant to 28 U.S.C. §1400(b) under the Supreme Court's opinion in *TC Heartland v. Kraft Foods Group Brands LLC,* 137 S. Ct. 1514 (2017), because Defendant resides in this District through its incorporation and regular and established place of business in this District.

## FACTUAL ALLEGATIONS

10. On March 22, 2005, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '853 Patent, entitled "FABRICATION OF A BIPOLAR TRANSISTOR USING A SACRIFICIAL EMITTER" after a full and fair examination. The '853 Patent is attached hereto as Exhibit A and incorporated herein as if fully rewritten.

11. Plaintiff is presently the owner of the '853 Patent, having received all right, title and interest in and to the '853 Patent from the previous assignee of record.  Plaintiff possesses all rights of recovery under the '853 Patent, including the exclusive right to recover for past infringement.

12. The invention claimed in the '853 Patent comprises a method of fabricating a bipolar transistor.

13. Claim 1 of the '853 Patent states:

> "1. A method of fabricating a bipolar transistor, the method comprising:
>
> forming a sacrificial emitter over a base;
> forming a first oxide layer over the sacrificial emitter;
> forming a masking material over the first oxide layer;
> planarizing the masking material to expose the first oxide
>   layer;

> etching a portion of the first oxide layer over the sacrificial emitter; and
> removing the sacrificial emitter." See Exhibit A.

14. Defendant commercializes, inter alia, methods that perform all the steps recited in at least one claim of the '853 Patent. More particularly, Defendant commercializes, inter alia, methods that perform all the steps recited in Claim 1 of the '853 Patent. Specifically, Defendant makes, uses, sells, offers for sale, or imports a method that encompasses that which is covered by Claim1 of the '853 Patent.

## DEFENDANT'S PRODUCTS

15. Defendant offers products, such as "Infinera-GX Series" (the "Accused Product"), that discloses a method of fabricating a bipolar transistor (e.g., Terabit SiGe BiCMOS platform-SBC 18). The said bipolar transistor contains a sacrificial emitter over a base (e.g., emitter over a SiGe base). A non-limiting and exemplary claims chart comparing the Accused Product to Claim 1 of the '853 Patent is attached hereto as Exhibit B and incorporated herein as if fully rewritten.

16. As recited in one step of Claim 1, the Accused Product discloses about formation of a first oxide layer over the sacrificial emitter. See Exhibit B.

17. As recited in another step of Claim 1, the Accused Product discloses about formation of a masking material (i.e., Nitride layer) over the first oxide layer.

18. As recited in another step of Claim 1, the Accused Product discloses about planarization of the masking material (e.g., use of CMP method to planarize the oxide layer) to expose the first oxide layer. See Exhibit B.

19. As recited in another step of Claim 1, the Accused Product discloses about etching a portion of the first oxide layer over the sacrificial emitter, and removing the sacrificial emitter

(i.e., removing of polysilicon of the sacrificial emitter to reduce narrow emitter opening). See Exhibit B.

20. The elements described in paragraphs 15-19 are covered by at least Claim 1 of the '853 Patent. Thus, Defendant's use of the Accused Product is enabled by the method described in the '853 Patent.

## INFRINGEMENT OF THE '853 PATENT

21. Plaintiff realleges and incorporates by reference all of the allegations set forth in Paragraphs 1 to 20.

22. In violation of 35 U.S.C. § 271, Defendant is now, and has been directly infringing the '549 Patent.

23. Defendant has had knowledge of infringement of the '853 Patent at least as of the service of the present Complaint.

24. Defendant has directly infringed and continues to directly infringe at least one claim of the '853 Patent by using, at least through internal testing or otherwise, the Accused Product without authority in the United States, and will continue to do so unless enjoined by this Court. As a direct and proximate result of Defendant's direct infringement of the '853 Patent, Plaintiff has been and continues to be damaged.

25. By engaging in the conduct described herein, Defendant has injured Plaintiff and is thus liable for infringement of the '853 Patent, pursuant to 35 U.S.C. § 271.

26. Defendant has committed these acts of infringement without license or authorization.

27. As a result of Defendant's infringement of the '853 Patent, Plaintiff has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendant's past infringement, together with interests and costs.

28. Plaintiff will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court. As such, Plaintiff is entitled to compensation for any continuing and/or future infringement up until the date that Defendant is finally and permanently enjoined from further infringement.

## DEMAND FOR JURY TRIAL

29. Plaintiff demands a trial by jury of any and all causes of action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

a. That Defendant be adjudged to have directly infringed the '853 Patent either literally or under the doctrine of equivalents;

b. An accounting of all infringing sales and damages including, but not limited to, those sales and damages not presented at trial;

c. That Defendant, its officers, directors, agents, servants, employees, attorneys, affiliates, divisions, branches, parents, and those persons in active concert or participation with any of them, be permanently restrained and enjoined from directly infringing the '853 Patent;

d. An award of damages pursuant to 35 U.S.C. §284 sufficient to compensate Plaintiff for the Defendant's past infringement and any continuing or future infringement up until the date that Defendant is finally and permanently enjoined from further infringement, including compensatory damages;

e. An assessment of pre-judgment and post-judgment interest and costs against Defendant, together with an award of such interest and costs, in accordance with 35 U.S.C. §284;

f. That Defendant be directed to pay enhanced damages, including Plaintiff's attorneys' fees incurred in connection with this lawsuit pursuant to 35 U.S.C. §285; and

g. That Plaintiff be granted such other and further relief as this Court may deem just and proper.

| | |
|---|---|
| Dated: February 24, 2021 | Respectfully submitted, |
| Together with: | CHONG LAW FIRM PA |
| SAND, SEBOLT & WERNOW CO., LPA | */s/ Jimmy Chong* <br> Jimmy Chong (#4839) |
| Andrew S. Curfman <br> (*pro hac vice forthcoming*) | 2961 Centerville Road, Suite 350 <br> Wilmington, DE 19808 <br> Telephone: (302) 999-9480 |
| Aegis Tower – Suite 1100 <br> 4940 Munson Street NW <br> Canton, Ohio 44718 <br> Telephone: (330) 244-1174 <br> Facsimile: (330) 244-1173 <br> Email: Andrew.Curfman@sswip.com | Facsimile: (877) 796-4627 <br> Email: chong@chonglawfirm.com <br><br> ATTORNEYS FOR PLAINTIFF |